IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| DUSTIN McALISTER, individually and on behalf of other similarly situated persons,<br><br>         Plaintiffs,<br>v.<br><br>FIRST HORIZON NATIONAL CORPORATION,<br>Serve: Clyde A. Billings, Jr.<br>    165 Madison Avenue<br>    Memphis, TN 38103<br><br>FIRST HORIZON HOME LOAN CORPORATION,<br>Serve: The Corporation Co., Inc.<br>    515 South Kansas Avenue<br>    Topeka, KS 66603<br><br>         Defendants. | Case No. __07-2525 JWL__<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs, Dustin McAlister, individually and on behalf of all others similarly situated, by and through their undersigned counsel, for their Complaint against Defendant First Horizon National Corporation and First Horizon Home Loan Corporation (collective "First Horizon" or "Defendants") hereby state and allege as follows:

### JURISDICTION AND VENUE

1. The Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et. seq.*, in relevant part, authorizes court actions by private parties to recover damages for violation of the FLSA's overtime provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because First Horizon does business in this district and the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

3. Plaintiffs, Dustin McAlister and Jason Von Moss, are current and former loan originators employed by First Horizon who have all been victimized by First Horizon's unlawful compensation practices. Each Plaintiff was employed by First Horizon as a loan originator within three years of initially filing their written consents to become party plaintiffs. Attached as Exhibit A are Plaintiffs' written consents to become party Plaintiffs pursuant to 29 U.S.C. § 216(b).

4. First Horizon National Corporation is a Tennessee corporation with its principal place of business in Tennessee. First Horizon National Corporation provides financial services in over 40 states, including Kansas, through "its 3 major brands", including First Horizon Home Loan Corporation. *See* http://www.firsthorizon.com/AboutUs.Home.cfm; *see also* *http://www.shareholder.com/fhnc/downloads/2Q07Financials.pdf.* First Horizon National Corporation also employs the human resources or employee services employees who had responsibility for the terms and conditions of Plaintiffs' employment, including the exempt/non-exempt status of Plaintiffs. First Horizon National Corporation can be served through its registered agent, Clyde A. Billings, Jr. at 165 Madison Ave., Memphis, TN 38103-0000.

5. First Horizon Home Loan Corporation is a Kansas corporation with its principal place of business in Irving, Texas. First Horizon Home Loan Corporation provides mortgage banking services to consumers both locally and nationwide. First Horizon Home Loan

Corporation can be served through its registered agent. The Corporation Co., Inc., 515 South Kansas Avenue, Topeka, KS 66603.

## FACTS

6.  First Horizon is one of the top 20 mortgage providers in the nation and maintained offices in more than 40 states throughout the country, including Kansas.

7.  Plaintiffs, and all other similarly situated persons, are current and former loan originators employed by First Horizon nationwide in either the National Sales Support ("NSS") or Retail divisions.

8.  All loan originators employed by First Horizon over the last three years had essentially the same job duties.

9.  The primary job of the loan originator was to sell First Horizon's mortgage loan products to potential borrowers.

10. NSS loan originators primarily used internal leads provided by First Horizon to make contact with potential customers. Retail loan originators used both internal leads provided by First Horizon and personal connections to make contact with a potential customer.

11. If a customer indicated interest in obtaining a mortgage from First Horizon, Plaintiffs would collect information to complete a loan application and forward the application to a loan underwriter for an approval decision.

12. Loan originators worked primarily in the office selling First Horizon's mortgage products.

13. Plaintiffs had no authority or discretion to approve or deny a loan.

14. Since 2001, Plaintiffs regularly worked far in excess of forty hours per week.

15. Plaintiffs were often required to arrive to work early and to stay late. Plaintiffs also frequently worked on weekends.

16. Until approximately 2004, NSS loan originators were not required to record their time worked and First Horizon failed to maintain accurate time records as required by the FLSA. To the extent First Horizon is now requiring NSS loan originators to maintain time records, First Horizon is still violating the FLSA because the time records are not accurate. Plaintiffs are instructed both directly and indirectly to record only forty hours per week even though First Horizon managers are well aware that Plaintiffs continue to work substantial overtime hours.

17. Retail loan originators have never been required to record their time worked and First Horizon failed to maintain accurate time records as required by the FLSA.

18. Plaintiffs are not paid on a salary basis and are primarily compensated by a form of commission.

19. There were times when the Plaintiffs, paid by commission, would go weeks or months without First Horizon paying any compensation at all, not even minimum wage.

20. At no time have Plaintiffs been compensated for the substantial overtime hours they worked.

## COLLECTIVE ACTION ALLEGATIONS

21. Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 20 above.

22. Plaintiffs bring the FLSA claims as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging First Horizon's practice of failing to accurately record all hours worked, failing to pay loan originators minimum wage, and failing to pay loan originators for all overtime hours worked.

23. The class of employees on behalf of whom Plaintiffs bring this "opt-in" collective action are similarly situated because they have been or are employed in the same or similar

position as individually-named Plaintiffs and were subject to the same or similar unlawful practices as the individually-named Plaintiffs.

24. This collective action specifically excludes any individual that previously filed consents to join in *Gieseke, et al. v. First Horizon Home Loan Corp., et al.*, Case No. 04-2511 in the U.S. District Court for the District of Kansas.

## COUNT I

### Violations of the Fair Labor Standards Act of 1938

**(Brought on Behalf of All Individual Plaintiffs and All Others Similarly Situated Against All Defendants)**

25. Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 24 above.

26. At all time material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

27. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

28. First Horizon was, and is, subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

29. Defendants, individually and/or collectively, willfully violated the FLSA by failing to pay loan originators minimum wage and overtime pay. In the course of perpetrating these unlawful practices, Defendants, individually and/or collectively, have also willfully failed to keep accurate records of all hours worked by loan originators.

30. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the minimum wage and overtime pay obligations set forth under § 7(a)(1) of the FLSA. None of the FLSA exemptions apply to Plaintiffs. Accordingly, Plaintiffs must be paid minimum wage and overtime pay in accordance with §§ 6 and 7 of the FLSA.

31. The individually-named Plaintiffs and all similarly situated employees are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all loan originators.

32. Plaintiffs and all similarly situated employees are entitled to damages equal to minimum wage and the mandated overtime premium pay within the three years preceding the filing of their consents, plus periods of equitable tolling, because Defendants, individually and/or collectively, acted willfully and knew or showed reckless disregard for the matter of whether its conduct was prohibited by Section 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a).

33. Defendants, individually and/or collectively, have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and overtime pay described above, pursuant to Section 16(b) of the FLSA. Alternatively, should the Court find Defendants, individually and/or collectively, did not act willfully in failing to pay overtime pay, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

34. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants,

individually and/or collectively, from Plaintiffs and all similarly situated employees. Accordingly, Defendants, individually and/or collectively, are liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

35. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendants, individually and/or collectively, from Plaintiffs for which Defendants, individually and/or collectively, are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

WHEREFORE, Plaintiffs, and all similarly situated employees, demand judgment against Defendants First Horizon National Corporation, and First Horizon Home Loan Corporation and pray for: (1) compensatory damages; (2) liquidated and statutory damages; (3) attorneys' fees and costs as allowed by § 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief the Court deems fair and equitable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs hereby designate Kansas City, Kansas as the place of trial.

## DEMAND FOR JURY TRIAL

All Plaintiffs hereby request trial by jury of all issues triable by jury.

Dated: October 26, 2007

Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

/s/ George A. Hanson

George A. Hanson KS Bar #16805
hanson@stuevesiegel.com
Virginia Stevens Crimmins KS Bar #20617
crimmins@stuevesiegel.com
330 West 47th Street, Suite 250
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

ATTORNEYS FOR PLAINTIFFS

# EXHIBIT A

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in the foregoing action.

Date: 10-24-07                    /s/ Dustin McAlister

                                  Printed Name: Dustin McAlister

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

DUSTIN McALISTER, individually and on behalf of other similarly situated persons,

Plaintiffs,

v.

FIRST HORIZON NATIONAL CORPORATION,
FIRST HORIZON HOME LOAN CORPORATION,

Defendants.

Case No. _____

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

    I WANT TO JOIN THIS LAWSUIT seeking unpaid wages and overtime against First Horizon National Corporation and First Horizon Home Loan Corporation. By joining his lawsuit, I designate the Named Representative to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit. For purposes of this lawsuit, I choose to be represented by Stueve Siegel Hanson LLP and other attorneys with whom they may associate.

Date: 10/26/07

Printed Name: _____Jason Von Moss_____